USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/6/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

X-CALIBER FUNDING LLC,

                Plaintiff,

    - against -

MARK B. PETERSEN,

                Defendant.

---

MARK B. PETERSEN,

                Third-Party Plaintiff,

    - against -

JOSEPH C. TUTERA, WALNUT CREEK MANAGEMENT, LLC, and ILLINOIS DEBT ACQUISITION COMPANY, LLC,

                Third-Party Defendants.

---

**24 CV 5529 (VM)**

**TRANSFER ORDER**

**VICTOR MARRERO, United States District Judge.**

    Plaintiff X-Caliber Funding LLC ("X-Caliber") filed a Motion for Summary Judgment in Lieu of Complaint in the Supreme Court of the State of New York, County of New York, on June 11, 2024, which Defendant Mark B. Petersen ("Petersen") removed to this Court on August 22, 2024. (See Dkt. No. 1.) Petersen subsequently filed a counterclaim against X-Caliber on October 25, 2024. (See Dkt. No. 28.)

    On January 23, 2024, X-Caliber filed a foreclosure action in the Northern District of Illinois, in the case captioned X-Caliber Funding LLC et al. v. El Paso HCC, LLC et

1

al., Case No. 24-CV-50034. On January 25, 2024, the Honorable Iain Johnston ("Judge Johnston"), United States District Judge for the Northern District of Illinois, granted a motion to appoint receiver Michael Flanagan. (See Dkt. No. 1.) Judge Johnston ordered that "[t]he Court shall retain jurisdiction and supervision of all matters concerning Receiver, the receivership created hereby and the Receivership Assets. Any and all actions which affect Receiver or the Receivership Assets shall be brought in this Court." X-Caliber Funding LLC, Case No. 24-CV-50034.

On October 23, 2024, Petersen filed a third-party complaint against Joseph C. Tutera, Walnut Creek Management, LLC, and the Illinois Debt Acquisition Company, LLC. (See Dkt. No. 20.)

Pursuant to 28 U.S.C. § 1404(a) ("Section 1404"), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location

2

of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. Keitt v. N.Y. City, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404, transfer is appropriate in this case. Factual and legal issues in this matter overlap with those in the Illinois action, and many of the parties and witnesses are located in Illinois. The Northern District of Illinois appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of Illinois. 28 U.S.C. § 1404(a); see D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**ORDER**

The Clerk of Court is hereby directed to transfer this action to the United States District Court for the Northern District of Illinois. This order closes this case.

The Clerk's Office is respectfully directed to waive the seven-day transfer timing.

**SO ORDERED.**

Dated:    6 January 2026
             New York, New York

_____
Victor Marrero
U.S.D.J.